UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                     :

                Plaintiff,                   :

                - v. -                       :

                                             :     Civil Action No. 16-CV-01257

ALL FUNDS HELD IN ACCOUNT NUMBER
CH1408760000050335300 AT LOMBARD ODIER    :
DARIER HENTSCH & CIE BANK, SWITZERLAND,
ON BEHALF OF TAKILANT LIMITED, AND ANY     :
PROPERTY TRACEABLE THERETO, et al.
                                                                             :
                Defendants *in rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# MOTION FOR PARTIAL DEFAULT JUDGMENT AND ORDER OF FORFEITURE

Plaintiff, the United States of America, through its undersigned counsel, moves under Rule 55(b)(2) of the Federal Rules of Civil Procedure for partial default judgment against the following Defendants *in rem*:

a. All funds held in account number CH1408760000050335300 at Lombard Odier Darier Hentsch & Cie Bank, Switzerland, on behalf of Takilant Limited, and any property traceable thereto;

b. All funds up to an amount totaling $198,919,748.00 held in account number CH3408760000050982900 at Lombard Odier Darier Hentsch & Cie Bank, Switzerland, on behalf of Tozian Limited, and any property traceable thereto; and

c. All funds up to an amount totaling $3,500,000.00 held in account number CH2308657007007159821 at Union Bancaire Privee, Switzerland, on behalf of Tozian Limited, and any property traceable thereto.

(collectively, the "Defendant Property"). In support of its motion, the government respectfully submits as follows:

1. On February 18, 2016, the Plaintiff filed a Verified Complaint for Forfeiture *in Rem* (the "Verified Complaint"), alleging that the Defendant Property is subject to forfeiture in

the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), as proceeds traceable to a felony violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1 *et seq.*, or property involved in money laundering or a conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1957.  Docket Entry No. ("DN") 1, attached as **Exhibit A**.  The facts supporting these allegations are set forth in further detail in the Complaint, and incorporated as if set forth fully herein.

2.     On February 23, 2016, the Court issued Warrants of Arrest *In Rem* for the Defendant Properties pursuant to Rule G(3)(b)(ii) of the Supplemental Rules for Certain Admiralty or Maritime Claims ("Supplemental Rules").  As set forth in the attached declaration, the Warrants of Arrest *In Rem* have been duly executed on the Defendant Property located in Switzerland and named for forfeiture in this action.

3.     Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, a Notice of Complaint for Forfeiture, the Verified Complaint, and other pertinent documents were delivered via a mutual legal assistance request and to the legal counsel for the Republic of Uzbekistan.

4.     Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, a Notice of Complaint for Forfeiture, the Verified Complaint, and other pertinent documents were also delivered to the last known addresses for Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Shokrukh Sabirov, Sodikjon Sokhibjonov, and the entities Tozian and Takilant Limited.  The foregoing are the only persons known by the government to have a potential interest in the Defendant Property.

5.     Additionally, the United States delivered a Notice of Complaint for Forfeiture, the Verified Complaint, and other pertinent documents to attorneys located in Sweden who represent Bekhzod Akhmedov and Alisher Ergashev.  Pursuant to a mutual legal assistance request, the

United States also sought and obtained the assistance of the Government of Switzerland in providing notice of this action to attorneys located in Switzerland for potential claimants. As fully described in the attached declaration, the potential claimants' Swiss attorneys declined to accept copies of the documents set by the United States.[1]

6. Pursuant to Supplemental Rule G(5)(a) and (b), and the notice delivered to the aforementioned individuals and entities, any claimant to the Defendant Property was required to file a claim no later than 35 days after the date of this notice, a later date identified in the notice letter, or 60 days after the first publication of notice on the official government website. Those time periods expired by April 20, 2016.

7. Public notice of this forfeiture action was published on an official internet government forfeiture site, www.forfeiture.gov, for thirty (30) consecutive days, beginning on February 19, 2016, as required by Supplemental Rule G(4)(a)(iv)(C). DN 6. Notice of Publication was filed with this Court on April 20, 2016. *Id*. Pursuant to Supplemental Rule G(5)(a)(ii), any person that did not receive direct notice of this forfeiture action was required to file a claim no later than 60 days after notice was first published on the official government website. Such person had until April 19, 2016 to file a claim to the Defendant Property.

8. Other than the Republic of Uzbekistan, no person or entity has filed a claim to the Defendant Property, answered the Verified Complaint, or otherwise appeared to contest this action, and the time to do so has expired. Other than for the Republic of Uzbekistan, no extensions of time have been requested, consented to, or granted by the Court.

---

[1] As set forth in the attached declaration, Notice Packets were also sent to addresses for each of these individuals, entities, and/or their legal representatives in Sweden.

9. The United States agreed to extend the time period for the Republic of Uzbekistan to file its claim until May 2, 2016. The Republic of Uzbekistan filed a verified claim to the Defendant Property on April 27, 2016. DN 11.

10. Upon information and belief, no person thought to have an interest in the Defendant Property is an infant, incompetent, or presently engaged in military service.

11. On June 2, 2016, the Clerk of Court entered default in the above captioned matter against Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Shokrukh Sabirov, Sodikjon Sokhibjonov, and the entities Tozian and Takilant Limited. DN 13, attached as **Exhibit B**; Fed. R. Civ. P. 55(a). Upon entry of default by the clerk, the well-pleaded allegations in the complaint are deemed admitted. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). After the clerk enters a default, a court may enter default judgment. Fed. R. Civ. P. 55(b).

12. The government has satisfied all its obligations under the Supplemental Rules, and the time for potential claimants to the Defendant Property to become party to this action has expired. Accordingly, pursuant to Federal Rule of Civil Procedure 55 and based on the well pleaded allegations in the government's Verified Complaint, the government respectfully requests that this Court grant the government's Motion for Partial Default Judgment. Consistent with that judgment, the government respectfully requests that the Court order that Gulnara Karimova, Bekhzod Akhmedov, Alisher Ergashev, Rustam Madumarov, Gayane Avakyan, Shokrukh Sabirov, Sodikjon Sokhibjonov, and the entities Tozian and Takilant Limited, and all potential claimants, other than the Republic of Uzbekistan, who have not otherwise filed a claim

to the Defendant Property are time-barred from contesting the forfeiture of the Defendant Property and default judgment should be ordered against them.  A proposed order accompanies this motion.

Dated:  June 23, 2016

                               Respectfully submitted,

                               M. KENDALL DAY
                               CHIEF, ASSET FORFEITURE AND
                                   MONEY LAUNDERING SECTION

By:   /s/ Marie Dalton
       MARIE DALTON
       Trial Attorney
       Asset Forfeiture and Money
         Laundering Section
       U.S. Department of Justice
       1400 New York Avenue, N.W., 9th Floor
       Washington, D.C.  20005
       Telephone:   (202) 598-2982
       Fax:            (202) 617-2547

       Attorneys for Plaintiff
       UNITED STATES OF AMERICA